Dear Mr. Savoie:
Your request for an Attorney General opinion was forwarded to me for research and reply. You mentioned that the Calsasieu Parish Ward Four Fire District Number Two was considering changing the status of your firefighters from volunteers to "paid-on-call" and you were concerned that the change in status might imply having a second job in which some employers have rules against. In relation thereto, you ask the following questions:
 1) If a person receives a "reimbursement" are they considered volunteers?
 2) May an employer prohibit a person from acting as a "paid-on-call" firefighter?
 3) Could an employer penalize an employee injured as a "paid-on-call" firefighter?
 4) Does filling out a job application, having a physical and background check done constitute part-time employment?
Since your initial request, you have informed us that the District has implemented the change in status of some of your firefighters from "volunteer" to "paid-on-call." Your "paid-on-call" firefighters are now considered part-time firefighters who are paid an hourly wage per call, meeting or training. Armed with this information, we will proceed to answer your questions.
With respect to your first question, you ask whether a person who receives a reimbursement is considered a volunteer. LSA-R.S.23:1036 classifies volunteer firefighters as those who are carried on the membership list of the organization as an active participant in the normal functions of the organization and who receive "nominal" or "no remuneration" for their services. As such, it is the opinion of this office that a reimbursement is allowable as long as it is nominal.
During our conversation you advised that by changing the status of some of your firefighters from "volunteer" to "paid-on-call" that an employer-employee type relationship has been created. As such, you ask whether the primary private *Page 2 
employer may prohibit a person from acting as a paid-on-call firefighter or be penalized for any injuries sustained while acting in the paid-on-call capacity. In answer to your second and third questions, we found nothing that prevents a private employer from providing restrictions to secondary employment. Now that the status of some of your firefighters have changed from volunteers to paid-on-call, depending on their employment with local, state and the federal governments, you now have to take into consideration the rules of Dual Officeholding and Dual Employment (LSA-R.S. 42:61 et.seq).
Furthermore, only volunteer firefighters who are employed by the state are shielded from action that may be considered penal in nature. The prohibition is found at LSA-R.S. 23:893 and it provides as follow:
 No certified volunteer firefighter employed by the state of Louisiana shall be denied leave, work-related benefits, or employment for absenting himself from said employment for the purpose of emergency response pursuant to such certification. . . .
With respect to your final question, filling out job applications does not constitute employment, nor does having physicals and/or background checks. Pursuant to LSA-R.S.23:1472(12)(A) employment is defined as any services including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
 Sincerely,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ________________
 CHARLENE PATTERSON
 Assistant Attorney General